UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH DOYLE, | ) | CASE NO. 1:07 CV 3684 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PAUL SCHUMANN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 30, 2007, pro se plaintiff Kenneth Doyle filed this action under 42 U.S.C. § 1983 on behalf of himself, Cleo Doyle and Karen Straughter against landlord Paul Schumann. In the complaint, plaintiff alleges that evictions have been filed which violate his right to due process. He seeks injunctive relief. Mr. Doyle also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

The complaint in this matter is very difficult to decipher. Mr. Doyle states that on October 13, 2006, he, Ms. Doyle and Ms. Straughter appeared in the Cleveland Municipal Housing Court for an eviction action premised on non-payment of rent to landlord Julie Frierson. He claims, "under agreement with that accusor, the ability to occupy the In-laws quarters was consented to for the three of us, stressing again we were individually paying rent." (Compl. at 2.) He indicates:

> On or during that day in court and trial, there was never a conjoinal decree nor announcement to reflect any consolidation of cases nor trying sequences. The fact and issues surrounding this condition of individuality was brought to the attention of the bench of the residing [sic] Judge (Imbacaun). This condition was continually with effort placed before his bench during and after ruling. The only ruling was against Cleo Doyle, who is now 84 years old who was a year younger at the time. . . . Mrs. Doyle advocated testimony that rents were concurrent in adverse to testimony submitted by landlord/plaintiff Miss Julie Frierson. . . . On that day, October 13th 2006 (Imbacuan's) judgment was for the plaintiff, to evict Mrs. Doyle,,,,,,[sic] and . . . Mrs. Karen Straughter with myself Mr. Kenneth Doyle included with these acts in practice by that level of administration in the Cleveland Justice System. . . .

(Compl. at 2.)

At some point, Mr. Doyle vacated the premises owned by Ms. Frierson and rented a residence owned by Mr. Schumann. He contends that shortly after they moved in, they became aware of a large insect infestation. He states that Mr. Schumann has a pattern of handling tenant complaints in which attempts to abate the problem just before the lease expires, and then points to "discrepancies [which] would arise between landlord and that tenant which of who did not possess the communicative skills necessary to aire [sic] these acts in their appropriate forum, and this the eviction process began." (Compl. at 3.) He claims, "With these labeled encroachments, we go on, with these issues to represent fuel propelling our claims and requests in manner propositioned before this branch and level of the courts system." (Compl. at 4.) Mr. Doyle concludes with an uninterpretted "parable" about a virus. He attaches to his complaint a copy of a summons in an eviction action instituted by Paul Schumann against Karen Straughter. The notice, dated November 16, 2007, indicates that she is required to appear in the Cleveland Municipal Court on December 6, 2007.

**Analysis**

-2-

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Doyle purports to file this action on behalf of himself and two other individuals. Title 28 U.S.C. § 1654 specifies that cases in the courts of the United States may be conducted only by each party personally or through counsel. The Court notes that Kenneth Doyle, a non-attorney, is claiming authority to represent Cleo Doyle by virtue of a grant of power of attorney. The statute clearly makes no provision for a non-attorney's representation of others. A power of attorney simply is ineffective to permit Kenneth Doyle to file a pro se action on behalf of Cleo Doyle. See J.M. Huber Corp. v. Roberts No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989). Furthermore, apart from his repeated insistence that the three individuals be referred to collectively as "we," he provides no basis upon which he has authority to file claims on behalf of Ms. Straughter. A litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

6260, 1988 WL 54071 (6th Cir. May 26, 1988). Because neither Ms. Doyle nor Karen Straughter have signed the complaint, this court will consider Kenneth Doyle to be the sole plaintiff in this action.

Mr. Doyle fails to set forth a basis for federal jurisdiction over this matter. Aside from the passing mention of due process in a context in which it appears to be inapplicable, there is no suggestion of a plausible legal theory upon which this action could proceed. Mr. Doyle provides a short narrative which often is incomprehensible and comprised almost entirely of legal rhetoric, and then concludes that some sort of unspecified injunctive relief is appropriate. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Even liberally construed, the complaint does not sufficiently state a federal claim upon which relief may be granted.

Moreover, even if this court could construct a claim of due process violations from this complaint, it would not provide a basis for this court's jurisdiction. Because the Constitution

does not directly provide for relief in a civil action, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the claim would arise, if at all, under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Mr. Schumann is a private party. Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. Dennis v. Sparks, 449 U.S. 24, 28 (1980).

Finally, even if these first two fatal defects in the complaint could be cured, injunctive relief could not be granted. Based upon the limited information contained in the pleading, the only plausible injunctive relief that Mr. Doyle could be seeking would pertain to the eviction action filed in December 2007. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See

Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

To the extent that the eviction in question is still pending, all three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state housing matter, which is of paramount state interest. See Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003). There is no indication that constitutional claims could not be raised in that context.

If the eviction action is concluded, injunctive relief cannot be granted. Federal courts must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. Id. Under Ohio law, an existing final judgment or decree is conclusive as to all

-6-

claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). If the Ohio courts have already granted judgment to the plaintiffs int eh eviction matters, this court is bound to give full faith and credit to those decisions.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

February 11, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.